IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                          FINAL HEARING ORDER

JAY LIESTMAN,                                20-CR-06-jdp

                Defendant.

---

The court held a final hearing by video conference on September 16, 2020. This order summarizes the matters addressed at the hearing, and it rules on the issue of whether the government may introduce evidence of defendant's prior conviction for possession of child pornography.

**A. Matters addressed at the final hearing**

Jury selection will begin at 9:00 a.m. on Monday, September 21, 2020. The trial will begin at 9:00 a.m. on Wednesday, September 23, 2020. **Counsel should be in court at 8:30 a.m. on September 21 to address any last-minute pretrial concerns.**

The court heard the parties on the matter of voir dire and jury instructions. The court circulated revised draft voir dire and jury instructions on September 17. Dkt. 61. The parties were given until 4:00 p.m. on September 18 to make any further submissions.

The court will empanel a jury of 12, with two alternates.

The court will allow the government to provide a binder of exhibits for each juror. Defense counsel must be given the opportunity to review each of the binders before they are distributed to the jury.

The court granted the government's motions in limine on entrapment, Dkt. 30; improper hearsay, Dkt. 31; penalties, Dkt. 32; and reasonable doubt, Dkt. 33.

Defendant's pretrial motions are in Dkt. 35. The court granted the motions to disclose the prospective juror list and to take a recess after showing the video evidence. The court denied defendant's motion to allow attorneys to conduct voir dire and to instruct on reasonable doubt.

The court also denied the request to allow counsel to exercise peremptory strikes only after the examination of all prospective jurors is complete. Because of the risk of COVID-19 transmission, the court will conduct jury selection in two waves, to limit the number of prospective jurors present at the courthouse at one time. Defendant's proposal would require the assembly of 40-some jurors at once, and the courthouse does not have the capacity to keep that many jurors safely distanced. The parties will have to budget their peremptory strikes, exercising them in two waves.

The court denied the defendant's request to limit the introduction of actual child pornography, because the government had already stated its intent to limit that evidence to four minutes of video. At the hearing, the government indicated that it would introduce only two and one-half minutes of video. The government provided the court with that evidence, which the court has reviewed. The court is satisfied that the government has appropriately limited the quantity of the video evidence. Although child pornography is inherently disturbing, the government's selection does not contain material that is violent or needlessly disturbing.

## B. Defendant's prior conviction

Defendant was previously convicted of attempted child enticement and possession of child pornography in Eau Claire County Case number 2013CF692. The government intends

to introduce evidence of defendant's conviction for possession of child pornography, and it has filed the requisite notice. Dkt. 26. The government argues for the admissibility of this conviction under Federal Rule of Evidence 414 in its trial brief. Dkt. 42, at 4–12.

Defendant has submitted a brief in opposition. Dkt. 60. Defendant's main argument is that I should construe Rule 414 to be restricted to prior convictions involving a "child," which the rule defines as a person below the age of 14. Defendant also argues that even if the conviction is admissible under Rule 414, I should exclude it as unfairly prejudicial under Rule 403.

Defendant is right that defendant's conviction for child enticement does not fall within the scope of Rule 414, because the fictitious victim was 14 years old. The child enticement conviction falls under the definition in Rule 414(d)(2)(A), which applies only when a Chapter 109A offense (or its state-law equivalent) is committed with a child. But the possession of child pornography conviction falls under the definition in 414(d)(2)(B), which applies to all Chapter 110 offenses, without regard to whether the minor victim was a child.

Defendant relies on *United States v. Angle*, 234 F.3d 326, 341–42 (7th Cir. 2000), which confirms that Rule 414 applies to child abuse convictions only if the victim is younger than 14. *Angle* doesn't address child pornography offenses. And, as defendant concedes, *United States v. Foley*, 740 F.3d 1079, 1088 n.1 (7th Cir. 2014) says that under Rule 414, admissible child pornography convictions are not limited to those with "child" victims.

Defendant makes a creditable policy argument that it would make more sense to limit the rule to the more serious child pornography offenses that involve younger victims, while allowing the rule to cover all hands-on offenses with minors. But the policy argument can't overcome the plain language of the rule. Defendant's conviction for possession of child

pornography falls under the definition in 414(d)(2)(B), which means that I *may* admit it for any purpose for which it is relevant.

But I still must consider the conviction under Rule 403, which means that I would exclude it if its probative value were substantially outweighed by unfair prejudice. Defendant doesn't make much of an argument on this point, contending essentially that the evidence is unfair because it would be especially powerful. But that's not a basis to exclude it under Rule 403.

Defendant's prior conviction is relevant to his sexual interest in children and child pornography, demonstrating distinctive proclivities not present in the general population. Thus the prior conviction is highly relevant. Propensity evidence is generally excluded under the rules of evidence, but it is allowed under Rule 414. *Foley*, 740 F.3d at 1088. As the government points out, the prior conviction and the charges here are highly similar. The prior conviction was seven years prior, neither particularly recent nor in the distant past, but defendant has pointed to no intervening events that diminish its relevance or make the admission unfair. The government may be able to prove its case without the prior conviction, but defendant's knowledge that the material connected to the internet link is a critical issue in the case. Defendant's prior conviction would show that he was familiar with child pornography, where it could be found, and how it was distributed. So the conviction is relevant for non-propensity purposes as well. (Although I would not admit evidence of the conviction under Rule 404(b), because the propensity purpose will surely figure prominently in the minds of the jurors.)

In sum: defendant's prior conviction for possession of child pornography may be admitted, even for propensity purposes, under Rule 414. The conviction is highly relevant, and I see no risk of unfair prejudice, and thus I find no reason to exclude it under Rule 403.

Entered September 18, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge