IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | ORDER ON ENTICEMENT CONVICTION |
| v. | |
| JAY LIESTMAN, | 20-CR-06-jdp |
| Defendant. | |

---

The government seeks to introduce evidence of defendant's conviction for child enticement under Federal Rules of Evidence 404(b), and, if defendant testifies, under Rule 609(a)(1) for impeachment. Dkt. 27. I've already ruled that the government may use evidence of defendant's conviction for possession of child pornography under Rule 414 for any purpose, including defendant's propensity regarding child pornography. Dkt. 64. But I will not allow the government to use the child enticement conviction.

The government contends that the conviction is admissible to show "knowledge, intent, opportunity, and lack of mistake." Dkt. 63, at 2; Dkt. 27, at 2. The government does not explain how the child enticement conviction relates to any of these issues. The only potential relationship that I can see is that the conviction shows defendant's sexual interest in children, which arguably relates to motive or intent. But it also cuts dangerously close to propensity, the prohibited purpose under Rule 404(b). I am not persuaded that the enticement conviction serves any permissible purpose under Rule 404(b).

The evidence of the child enticement conviction is highly, and unfairly, prejudicial. The government has strong evidence with the child pornography conviction, admissible even for propensity purposes under Rule 414. That conviction also provides evidence of defendant's

sexual interest in children, and his more pertinent knowledge of child pornography and how it is found and transmitted. The enticement conviction adds little, and is thus needlessly cumulative. Because it involves an attempted hands-on offense, it carries even greater stigma than the child pornography conviction, and it suggests a much greater threat to potential victims. The attempted child enticement conviction is very different offense than the one defendant faces now, and admitting it would raise the potential for the jury to convict him on a basis other than evidence that he committed the crime charged.

I will not admit the conviction even for impeachment purposes. Defendant may be impeached—with extreme effectiveness—with his conviction for child pornography. So the enticement conviction has minimal probative value. But it creates significant unfair prejudice. Accordingly, it need not be admitted under Rule 609(a)(1)(B), and I decline to allow it.

Entered September 18, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge