IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                              Plaintiff,                        ORDER ON SENTENCE
      v.                                                    ENHANCMENT

JAY LIESTMAN,                                                20-CR-06-jdp

                              Defendant.

---

Defendant Jay Liestman pleaded guilty to one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(1). In the plea agreement, Dkt. 76, and at the plea hearing, the parties assumed that defendant would be subject to the enhanced penalties provided in § 2252(b)(1), based on defendant's previous Wisconsin conviction for possession of child pornography. Defendant now challenges the sentencing enhancement, and the matter is fully briefed. Dkt. 90 (defendant's opening brief); Dkt. 95 (government opposition); Dkt. 96 (defendant's reply).

Defendant was convicted in 2014 of attempted child enticement, in violation of Wis. Stat. § 948.07(1) and possession of child pornography, in violation of Wis. Stat § 948.12(1m). The government contends that the child pornography conviction qualifies as a predicate conviction under § 2252(b)(1). (The government does not rely on the attempted child enticement conviction, which does not appear to qualify as a predicate offense.)

The pertinent part of § 2252(b)(1) provides for a sentence of 15 to 40 years if the defendant

> has a prior conviction . . . under the laws of any State relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography[.]

At first blush, defendant's Wisconsin conviction for possession of child pornography certainly appears to be one relating to the possession of child pornography. But questions about federal predicate offenses generally require categorical analysis, in which the statutory definition of the predicate offense must be compared to the statute under which the defendant was convicted to ensure that there is a categorical match. With some exceptions, the defendant's actual offense conduct doesn't matter. The question in this case is not whether the court should take a categorical approach, but how the court should conduct the categorical analysis.

Defendant makes a good argument that I should follow more recent categorical precedent, particularly *Shular v. United States*, 140 S. Ct. 779 (2020) and *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), applying what is now called the "conduct-based" categorical approach. The conduct-based approach contrasts with the "generic crime" approach, which requires the court to begin by positing the elements of a generic crime, such as burglary, and then matching the generic elements to those of the state statute. Under the conduct-based categorical approach, there is no need to posit any generic crime. But the court must find a precise match between the conduct required under federal definition of the predicate offense and the state statute under which the defendant was convicted. If the state statute criminalizes a range of conduct that is at all broader than the federal definition, the prior offense is not a predicate. For example, in *Ruth*, an Illinois conviction for possession with intent to deliver cocaine was not a federal "felony drug offense" which would have triggered an enhanced sentence. The Illinois statute covered cocaine and its optical, positional, and geometric isomers. But the definition of felony drug offense incorporated the definitions in the federal Controlled Substances Act, which covered only cocaine and its optical and geometric isomers, not the

positional isomers. Under the conduct-based approach, unlike the generic-crime approach, there is no "margin of inconsequential discrepancy." *Ruth*, at 647–48.

If I took the strict *Ruth* approach, I would conclude that Wisconsin child pornography law is broader than the federal definition. Wisconsin's child pornography statute would criminalize a lewd photo of a topless minor, but the federal definition of child pornography would not.[1] If there is no margin of inconsequential discrepancy, that difference is enough.

But, as the government points out, I've got another Seventh Circuit case that's right on point: *United States v. Kaufmann*, 940 F.3d 377 (7th Cir. 2019), *cert. denied*, 141 S. Ct. 137 (2020). *Kaufmann* rejected the very argument defendant makes here. Because § 2252(b)(2) uses the phrase "relating to," the court of appeals held that it does not require a precise match between the federal definition of "child pornography" and the Indiana statute at issue. The court of appeals reasoned that "relating to" has a broad meaning, demonstrating that Congress did not intend to limit predicate offenses to those that are precise equivalents of the federal child pornography offenses. *Kaufmann* illustrates a categorical analysis in that it does not consider actual offense conduct, only the underlying state statute. But the court of appeals expressly declined to adopt the stricter style of categorical analysis that it would soon apply in *Ruth*.

Defendant here asks, essentially, that I deem *Kaufmann* to have been overruled by *Ruth*. But that's not so clear. *Kaufmann* relied critically on the phrase "relating to," which also appears in the federal definition of felony drug offense. 21 U.S.C. § 802(44). But *Ruth* did not discuss

---

[1] Compare Wisconsin's definition of "sexually explicit conduct," § 948.01(7e), and "intimate parts," § 939.22(19), with the federal definition of "sexually explicit conduct," 18 U.S.C. § 2256(2)(A). Wisconsin's definition of intimate parts includes the breasts and buttocks; federal child pornography law is limited to the genitals, anus, and pubic area.

whether that phrase had any effect at all. *Ruth* and *Kaufmann* apparently pull in opposite directions, but if *Kaufmann* is to be overruled, the court of appeals will have to do it.

For now, I am compelled to follow the analysis of 18 U.S.C. § 2252(b) by the Seventh Circuit Court of Appeals in *Kaufmann*. A Wisconsin conviction for possession of child pornography is a predicate conviction that enhances the statutory sentencing range to 15 to 40 years.

Entered October 5, 2021.

                                                  BY THE COURT:

                                                  /s/

                                                _____
                                                JAMES D. PETERSON
                                                District Judge